Belford, J.
The matter is before this division on the defendant’s, Laura Beauchaine, appeal from the Attleboro District Court’s holding in favor of the plaintiff, American Casualty Company, in the amount of $586.54.
We find no error.
The defendant, Laura Beauchaine, was injured in an automobile accident on December 8, 1991, while driving in Providence, Rhode Island. Over an eighteen month period, the plaintiff, American Casualty Company, paid PIP benefits to the defendant in the amount of $1,759.64.
The defendant hired an attorney, James R. Dyer, and brought a claim against the Rhode Island operator involved in the accident to recover for her bodily injuries. The defendant signed a contingency agreement that obligated her to pay her attorney one-third of the monies recovered as a result of the claim. The defendant settled her claim against the Rhode Island operator and signed a Release for $14,500. The Release contained the following:
Note: The no fault lien of $1,759.64 with American Casualty Company (Claim #14422979-009) must be satisfied out of the above. Any and all other bills and/or liens must also be paid out of the above.
Mr. Dyer paid over to American Casualty Company the sum of $1,173.10, which is the $1,759.64 specified in the no fault lien less the defendant’s one-third costs to recover this sum from the operator.
American Casualty Company brought an action in small claims court to recover $586.75. The Court found for the plaintiff, American Casualty Company; and from that ruling the defendant, Laura Beauchaine, has brought this appeal.
For the following reasons, we affirm the holding of the District Court:
The defendant claims that it was not the intention of the parties that the defendant should pay the total amount of $1,759.64 because the verbiage of the release required mere satisfaction of the lien. The plaintiff includes Black’s Law Dictionary definition of satisfaction that includes “the state of being satisfied.” Thus, by definition, the release signed by the parties intended that American Casualty Company should be placed in a state of satisfaction. Nothing placed in evidence or on the face of the release indicates that American Casualty Company should be satisfied with any amount less than $1,759.64.
The general rule is “calculated to accord with the probable intentions of the contracting parties and to respond to the reasonable reliance of the third party creditor.” See Choate, Hall & Stewart v. SCA Services, Inc., 378 Mass. 535, 545. The claims adjuster for Metropolitan Property and Casualty, one of the parties to the release, informed the plaintiff by letter dated October 12, 1993, that the plaintiff was protected by the release. The Metropolitan adjuster also indicated that verbal communications between the parties established that reimbursement of $1,759.64 *176 was to be made. Attorney Dyer confirmed that he had a conversation with the Metropolitan adjuster regarding the defendant reimbursing American Casualty from the settlement proceeds but that he did not give any assurance that the amount of $1,759.64 would be paid. These communications further established reliance of the plaintiff on the premise that the lien would be satisfied in full.
The defendant further contends that, if the contract language could be construed to be ambiguous or uncertain, the trial judge was required to consider extrinsic evidence. The contract language is clear in the existence of the duty to satisfy the lien. In the event of any uncertainty, however, the extrinsic evidence only serves to further solidify the intent of the parties in satisfying the lien.
We find no error. The appeal is dismissed.